IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERLYN-TERESA: RAYFIELD-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 22-1073-CFC |
| | ) |
| WELLS FARGO & COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

**I.   INTRODUCTION**

Plaintiff Verlyn-Teresa:Rayfield-Bey ("Plaintiff") commenced this action on August 16, 2022. (D.I. 2) She appears *pro se* and was denied leave to proceed *in forma pauperis* on August 24, 2022. (D.I. 4) On September 21, 2022, Plaintiff filed a motion to pay the filing fee owed through a "promise" of '$402.00' secured by the Treasury for the United States of America and a motion reconsideration of the August 24, 2022 order. (D.I. 13)

**II.   DISCUSSION**

In her motion for reconsideration Plaintiff states that she does not have any lawful money, that the United States does not mint and circulate lawful money, she is incapable of paying her debts with money, and the only way she can pay a debt

1

is via "legally prescribed instruments of negotiable quality." (D.I. 13) Plaintiff asserts that the Court falsely stated in its order that her annual income is $18,000 because her application to proceed *in forma pauperis* did not expressly state an income of $18,000.00.

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court

has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff was denied leave to proceed *in forma pauperis* based upon her affidavit that she has a monthly income of $1,500.00. The Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's August 24, 2022 Order. Plaintiff must pay the $402 filing fee in full. *See* 28 U.S.C. § 1914.

### III.   CONCLUSION

For the above reasons, the Court will deny Plaintiff's motions. (D.I. 12, 13). She will be given additional time to pay the filing fee owed. The Court does not accept "promises" for payment.

An appropriate order will be entered.

_____
Chief Judge

October 11, 2022
Wilmington, Delaware

3