IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERLYN-TERESA: RAYFIELD-BEY,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 22-1073-CFC<br>)<br>)<br>)<br>)<br>)<br>) |

---

Verlyn-Teresa: Rayfield-Bey, Wilmington, Delaware, Pro se Plaintiff.

Justin M. Forcier, Esq., Reed Smith LLP, Wilmington, Delaware. Counsel for Wells Fargo & Company, Wells Fargo Bank, N.A., and Charles W. Scharf.

Evan W. Rassman, Esq. and James F. Harker, Esq., Cohen Seglias Pallas Greenhall & Furnam PC, Wilmington, Delaware. Counsel for DocX, LLC, Black Knight Financial Services, Inc. and Lender Processing Services, Inc.

John E. Tarburton, Esq., Orlans PC, Wilmington, Delaware. Counsel for Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., Freedom Mortgage Corporation, William P. Beckmann, Chris McEntee, and Stanley C. Middleman.

Deirdre Marie Richards, Esq., Fineman Krekstein & Harris PC, Wilmington, Delaware. Counsel for Argent Mortgage Company, LLC.

Caitlyn E. Quinn, Esq., City of Wilmington Law Department. Counsel for City of Wilmington.

Helen Elizabeth Episcopo, Esq. and Maria T. Knoll, Esq., New Castle County Office of Law, New Castle, Delaware. Counsel for County of New Castle and Michael E. Kozikowski

Kenneth Lee-Kay Wan, Esq. and Robert Michael Kleiner, Esq. Delaware Department of Justice, Wilmington, Delaware, and James C. Champlin, Esq. Georgia Department of Law, Atlanta, Georgia.  Counsel for State of Georgia.

Katherine Randolph Fry, Esq., Offit Kurman, P.A., Wilmington, Delaware. Counsel for Synergy One Lending, Inc., Aaron Nemec, Steven M. Majerus, and BBMC Mortgage a Division of Bridgeview Bank Group.

Geoffrey Graham Grivner, Esq., Buchanan Ingersoll & Rooney PC, Wilmington, Delaware.  Counsel for Nationstar Mortgage LLC.

Lorraine Brown, Dona Hull, Linda Green, Jessica Leete, Roger Harpster, Randall Eade, Joseph M. Nackashi, Barclays Capital Real Estate, Inc., Michele M. Curtis, Audrey B. Trumble, Mohamed S. Hameed, Melissa Forant, Manju John, Diane Tiberend, County of Fulton, Nailah B. Gilliam, and Peoples Bank, Pro Se Defendants.

## MEMORANDUM OPINION

May 18, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On August 16, 2022, Plaintiff Verlyn-Teresa: Rayfield-Bey, who appears *pro se* and has paid the filing fee, commenced this action by filing a Complaint and over 600 pages of exhibits, naming nearly forty Defendants, and bringing claims related to various mortgages associated with her residence over a twenty-year span and the recent initiation of foreclosure proceedings. (D.I. 2) Before the Court are eleven motions to dismiss (D.I. 27, 30, 37, 45, 50, 56, 123, 126, 136, 137, 141) The motions are fully briefed. Also before the Court are two discovery motions filed by Plaintiff. (D.I. 160, 185)

## I. BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). In July 2002, Plaintiff and her now deceased husband purchased a home in Wilmington, Delaware ("the Property") and received a mortgage loan from Wells Fargo. The mortgage was transferred to several lenders over the next two decades and/or refinanced. Between August 2018 and the filing of the August 2022 filing of the Complaint, the mortgage was serviced by Nationstar Mortgage; Synergy One Lending, doing business as Mutual of Omaha; Plaza Home Mortgage; and, finally, Freedom Mortgage Corporation ("Freedom Mortgage"). From June through August in 2022, Plaintiff received a notice of

default and intent to initiate foreclosure proceedings from Freedom Mortgage. The Court takes judicial notice that, on October 19, 2022, Freedom Mortgage initiated a foreclosure action against Plaintiff in the Superior Court for New Castle County. *See Freedom Mortgage v. Verlyn Rayfield*, Case No. N22L-10-033 (the "Foreclosure Action"). The Foreclosure Action is ongoing. *See Id.*

Plaintiff sent Qualified Written Requests pursuant to the Real Estate Settlement Procedures Act ("RESPA") to Defendants, but she did not receive adequate responses. Plaintiff refers in the Complaint to various statutory schemes in addition to RESPA, including the Truth in Lending Act, Consumer Credit Protection Act, the Securities Exchange Act, the Dodd-Frank Act, Economic Growth, Regulatory Relief and Consumer Protection Act, the National Bank Act, and Usury Laws, as well as common law fraud. Plaintiff seeks injunctive relief to stop the Foreclosure Action and damages of ten million dollars.

Eleven motions to dismiss have been filed by different sets of defendants. Plaintiff opposes dismissal and requests the opportunity to amend her complaint. Seventeen Defendants have not responded to Plaintiff's efforts to serve them.

## II.  LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to

draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff has failed to state a claim against any of the nearly forty named Defendants. Much of her Complaint generally attacks the banking and mortgage lending systems, which she views as unlawful and unjust. There are no viable legal claims to be discerned from Plaintiff's allegations along these lines. Furthermore, to the extent that Plaintiff asserts factual allegations related to her own two-decade mortgage history, her allegations fail to state a claim and any plausible claims against most of the Defendants are barred by the relevant statutes of limitations. Plaintiff's particularized factual allegations that are not time-barred fail to establish any claims. The Complaint is marked by a consistent lack of

4

clarity as to which actual claims Plaintiff seeks to bring and against which individual Defendants she seeks to bring those claims.

Plaintiff has requested leave to file an amended complaint. Although amendment appears to be futile, the Court will afford her one opportunity to file an amended complaint naming any, or all, of the seven Defendants against whom the Court concludes she conceivably could assert timely, viable claims. Those Defendants are Nationstar Mortgage LLC, doing business as Mr. Cooper; Synergy One Lending, Inc., doing business as Mutual of Omaha; BBMC, a Division of Bridgeview Bank Group; Aaron Nemec; Steven M. Majerus; Freedom Mortgage Corporation; and Stanley C. Middleman. Plaintiff's pending motions will be denied as moot.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' motions to dismiss and deny Plaintiff's pending motions as moot. Plaintiff will be given an opportunity to file an amended complaint, addressing only Defendants identified by the Court.

The Court will issue an Order consistent with this Memorandum Opinion.