IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERLYN-TERESA: RAYFIELD-BEY, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO & COMPANY, et al., <br><br> Defendants. | Civ. No. 22-1073-CFC |

Verlyn-Teresa: Rayfield-Bey, Wilmington, Delaware, Pro se Plaintiff.

John E. Tarburton, Esq., Orlans PC, Wilmington, Delaware.  Counsel for Freedom Mortgage Corporation and Stanley C. Middleman.

Katherine Randolph Fry, Esq., Offit Kurman, P.A., Wilmington, Delaware. Counsel for Synergy One Lending, Inc., Steven M. Majerus, and BBMC Mortgage a Division of Bridgeview Bank Group.

Geoffrey Graham Grivner, Esq., Buchanan Ingersoll & Rooney PC, Wilmington, Delaware.  Counsel for Nationstar Mortgage LLC.


**MEMORANDUM OPINION**


March 1, 2024
Wilmington, Delaware

CONNOLLY, Chief Judge:

On August 16, 2022, Plaintiff Verlyn-Teresa: Rayfield-Bey, who appears *pro se* and has paid the filing fee, commenced this action by filing a Complaint and over 600 pages of exhibits, naming nearly 40 Defendants, and bringing claims related to various mortgages associated with her residence over a 20-year span. (D.I. 2) The Court dismissed the Complaint but gave Plaintiff leave to file an amended complaint against a subset of Defendants. (D.I. 188, 189) Plaintiff now proceeds on her Second Amended Complaint. (D.I. 191)[1] Before the Court are three motions to dismiss. (D.I. 194, 200, 201) The motions are fully briefed.[2]

I.  BACKGROUND

The following facts are taken from the Second Amended Complaint, and judicially noticeable documents, and are assumed to be true for purposes of deciding the pending motions. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). In July 2002, Plaintiff and her now deceased husband purchased a home in Wilmington, Delaware ("the Property") and received a mortgage loan from Wells Fargo. The mortgage was transferred to several lenders

---

[1] The Court will grant Plaintiff's motion for an extension of time to file her Second Amended Complaint. (D.I. 190)

[2] Two motions for extensions to file replies in support of the motions to dismiss (D.I. 206, 207) will be granted. Plaintiff's motion for an emergency stay of proceedings (D.I. 202) and motion to lift the stay of discovery (D.I. 212) will be denied as moot.

over the next two decades and/or refinanced. Between August 2018 and the filing of the Complaint in August 2022, the mortgage was serviced by Nationstar Mortgage; Synergy One Lending, doing business as Mutual of Omaha; Plaza Home Mortgage; and, finally, Freedom Mortgage Corporation ("Freedom Mortgage"). In April 2022, Plaintiff sent what she purported to be a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), advising Defendants that if she did not receive a response with in 21 days, she would "'commence with-holding any future payments' to Freedom Mortgage." (D.I. 191 at 9) Plaintiff subsequently stopped making payments to Freedom Mortgage, received a notice of default and intent to initiate foreclosure proceedings from Freedom Mortgage, and then filed the present suit.

October 19, 2022, approximately two months after Plaintiff initiated this action, Freedom Mortgage initiated a foreclosure action against Plaintiff in the Superior Court for New Castle County. *See Freedom Mortgage v. Verlyn Rayfield*, Case No. N22L-10-033 (the "Foreclosure Action"). In December 2023, the Foreclosure Action was moved from the court's active docket to its dormant docket at the request of counsel for Freedom Mortgage, based on the Veteran Benefit Administration directive to servicers to cease initiating or continuing foreclosures of VA guaranteed loans through May 31, 2024. *See Id.*, BL-87, 88.[3]

---

[3] The Court has access to the Superior Court docket via Bloomberg Law. "BL" is

2

Plaintiff brings claims under RESPA and the Fair Credit Reporting Act ("FCRA"), and further asserts claims for fraud and intentional infliction of emotional distress ("IIED"). She requests damages and to enjoin the Foreclosure Action.

Three motions to dismiss have been filed by different sets of defendants. Plaintiff opposes dismissal.

## II.   LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the

---

how Bloomberg Law refers to docket entries.

3

elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton*

4

*Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff has failed to state a claim against any of the Defendants. By her own narrative, Plaintiff ceased making her mortgage payments because she was not convinced that the financial institution to whom they were owed—Freedom Mortgage—could rightfully collect them. She was apparently concerned that her payments would not count for paying down the loan and that some unknown financial institution would eventually emerge demanding payment. Her concerns appear to have arisen from her general misunderstanding of, and misgivings about, the banking and mortgage lending systems.

The document that Plaintiff says was a QWR under RESPA did not request servicing information, *i.e.*, the valid function of a QWR; rather, it demanded that Freedom Mortgage prove the validity of its right to collect Plaintiff's mortgage payments. *See* 12 U.S.C.S. § 2605(e)(1)(A) (stating that a QWR must be "for information relating to the servicing of such loan"); *Cole v. Wells Fargo Bank, N.A.*, 790 F. App'x 460, 464-65 (3d Cir. 2019) ("Here, the letters that Cole argues would qualify as QWRs are not requests for covered information. Instead, Appellant requested the 'original, ink-signed note for the mortgage.' Such a request does not concern payments, amounts in accounts, or servicing requests.

5

Rather, it deals with the origination of the loan.") (citations omitted).[4] Accordingly, Plaintiff's claims under RESPA fail.

Furthermore, Plaintiff's FCRA, fraud, and IIED claims fail to allege any facts that could satisfy any of the elements of those claims. Plaintiff's Second Amended Complaint will be dismissed. Amendment is futile.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' motions to dismiss.

The Court will issue an Order consistent with this Memorandum Opinion.

---

[4] The Court notes Plaintiff's assertion that the court in the Foreclosure Action granted her motion to compel Freedom Mortgage to produce a certified copy of the promissory note. The state court, however, later concluded that Freedom Mortgage had satisfied the court's order when it provided Plaintiff a copy of the note and represented that the original note was in the office of its attorney and would be produced for inspection by Plaintiff upon her arranging a time to do so. *See Freedom Mortgage*, Case No. N22L-10-033, BL-75.

6